UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY BHATNAGAR,<br>　　　　Plaintiff,<br>　　v.<br>THE PRESIDIO TRUST,<br>　　　　Defendant. | Case No. 14-cv-00327-MEJ<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

On January 22, 2014, Plaintiff Sanjay Bhatnagar filed a Complaint and an Application to Proceed In Forma Pauperis. Plaintiff has consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS Plaintiff's application to proceed in forma pauperis and DISMISSES the complaint WITH LEAVE TO AMEND.

## BACKGROUND

The Complaint purports to allege a personal injury claim under 28 U.S.C. § 2671, the Federal Tort Claims Act, against the Presidio Trust, a government agency. Compl., Dkt. No. 1. On November 14, 2009, Plaintiff was injured when he hit a speed bump while riding his bicycle in the Presidio. *Id.* at 4. Plaintiff alleges that the Presidio Trust installed the dangerous speed bump but failed to provide adequate warning of its hazard to bicyclists. *Id.* As a result of the incident, Plaintiff alleges he suffered spinal injuries which rendered him disabled. *Id.*

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees

1  necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Plaintiff has submitted the required
2  documentation, and it is evident from the application that Plaintiff's assets and income are
3  insufficient to enable Plaintiff to pay the filing fees.  Accordingly, the Court GRANTS Plaintiff's
4  application to proceed in forma pauperis.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.     Legal Standard**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure (Rule) 4(c)(2).  *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)).  As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit."  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts.  A complaint is "frivolous" when it lacks an arguable basis either in law or in fact.  *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation").  When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it usually is when making a determination

1  based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."
2  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327).  Further, the
3  Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal
4  claim is entirely without merit . . . .  [A] person with a measured legitimate claim may cross the
5  line into frivolous litigation by asserting facts that are grossly exaggerated or totally false."
6  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

7  The Court may also dismiss a complaint sua sponte under Rule 12(b)(6).  *Sparling v.
8  Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988).  Under Rule 12(b)(6), a district court
9  must dismiss a complaint if it fails to state a claim upon which relief can be granted.  Rule 8(a)(2)
10  requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to
11  relief.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
12  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
13  662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S.
14  544, 570 (2007).  The complaint need not contain detailed factual allegations, but the plaintiff
15  must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and
16  conclusions," and merely "a formulaic recitation of the elements of a cause of action" is
17  insufficient.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

18  In ruling on a motion to dismiss, courts may consider only "the complaint, materials
19  incorporated into the complaint by reference, and matters of which the court may take judicial
20  notice."  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).
21  The factual allegations pled in the complaint must be taken as true and reasonable inferences
22  drawn from them must be construed in favor of the plaintiff.  *Cahill v. Liberty Mut. Ins. Co.*, 80
23  F.3d 336, 337–38 (9th Cir. 1996).  However, the Court cannot assume that "the [plaintiff] can
24  prove facts which [he or she] has not alleged."  *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State
25  Council of Carpenters*, 459 U.S. 519, 526 (1983).  "Nor is the court required to accept as true
26  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
27  inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation
28  omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d at 1130.

### B.  Application to the Case at Bar

Here, Plaintiff's claims fall under 28 U.S.C. § 2671, the Federal Tort Claims Act ("FTCA"). The FTCA renders the United States liable for "injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under the FTCA, the substantive law of the forum state applies. *Richards v. United States*, 369 U.S. 1, 9 (1962). Accordingly, California law applies. 28 U.S.C. § 2674.

#### 1.  Statute of Limitations

28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Here, Plaintiff's Complaint states that the injury occurred on November 14, 2009, more than four years ago. Compl. at p. 4. Although Plaintiff asserts that his counsel had previously filed paperwork requesting compensation for his injuries, the Complaint does not indicate the date he made the claim, the party to whom it was made, or whether or when the claim was rejected.

#### 2.  Exhaustion of Administrative Remedies

Prior to filing a complaint under the FTCA, a plaintiff must first exhaust administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C.A. § 2675(a). Here, the Complaint alludes to the filing of "paperwork," but does not provide any of the information required to support jurisdiction.

4

**3. California Substantive Law**

Last, under the FTCA, Defendant would be liable to Plaintiff only if a private person would be liable to Plaintiff under California law. 28 U.S.C. § 1346(b)(1). "California law imposes a duty on people, including landowners, to use reasonable care under the circumstances to prevent injury to others." *Cleveland v. United States*, 546 F. Supp. 2d 732, 770 (N.D. Cal. 2008) (citing *Alcaraz v. Vece*, 14 Cal.4th 1149, 1156 (1997)). The California Recreational Use Statute, Cal. Civ. Code § 846, "alters this general rule by immunizing landowners from liability for injuries suffered by people who use their land for recreational purposes." *Cleveland*, 546 F. Supp. 2d at 770 (citing *Avila v. Citrus Comty. Coll. Dist.*, 38 Cal.4th 148, 156 (2006)). Thus, because the Presidio is a federal recreational area, Plaintiff may only prevail against the United States as a landowner where there exists one or more of the three exceptions to immunity under section 846: (1) willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; (2) the provision of consideration for permission to enter the property; or (3) an express invitation to enter. Cal. Civ. Code § 846.

Here, Plaintiff alleges only that Defendant failed to either maintain safe premises or to warn of hazards on the property, which cannot support liability under section § 846; *Klein v. U.S.* (2010) 50 Cal.4th 68, 78. For these reasons, the Complaint fails to state a claim upon which relief can be granted. However, the Court finds that the Complaint may possibly be cured by the allegation of other facts. *Lopez,* 203 F.3d at 1130. Consequently, the Court hereby DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.

## CONCLUSION

Based on the analysis above, the Court GRANTS Plaintiff's application to proceed in forma pauperis and DISMISSES the Complaint WITH LEAVE TO AMEND.

If Plaintiff chooses to file an amended complaint, it must comply with the guidelines set forth in Rule 8(a). This rule requires that a complaint for relief include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. A pleading may not simply allege a wrong has been committed and demand relief; it must state the elements

of the claim plainly and succinctly. Plaintiff must allege with at least some degree of particularity the facts in which defendant engaged to support the claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

If Plaintiff chooses to amend the complaint, it is recommended that Plaintiff either type the amended complaint or handwrite it in a manner that is legible. It is also recommended that Plaintiff obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk. This handbook provides an explanation of the required components of a complaint, which include the following:

1. Caption page
2. Subject matter jurisdiction
3. Venue
4. Intradistrict assignment
5. Parties
6. Statement of facts
7. Claims
8. Request for relief
9. Demand for jury trial
10. Signature

The Court advises Plaintiff that there are additional resources available. First, Plaintiff may wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and at http://cand.uscourts.gov/prosehandbook.

Second, Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Consistent with the instructions in this Order, Plaintiff shall file any amended complaint by

1   March 12, 2014.  Failure to file an amended complaint by this deadline shall result in the dismissal
2   of this case with prejudice.  The Clerk is directed to close the file in this case if an amended
3   complaint is not filed by March 12, 2014.
4       **IT IS SO ORDERED.**

6   Dated: February 11, 2014

                                                  _____
                                                  MARIA-ELENA JAMES
                                                  United States Magistrate Judge