1

2

3           UNITED STATES DISTRICT COURT

4           NORTHERN DISTRICT OF CALIFORNIA

5

6   SANJAY BHATNAGAR,                        Case No.  14-cv-00327-MEJ
                    Plaintiff,
7                                            **ORDER RE: SECOND MOTION TO**
                                             **DISMISS**
8            v.
                                             Re: Dkt. No. 55
9   UNITED STATES OF AMERICA,
                    Defendant.
10

11                          **INTRODUCTION**

12          On May 19, 2015, the Court dismissed this case because Plaintiff Sanjay Bhatnagar failed

13  to present an administrative claim to the Presidio Trust within two years of the November 14,

14  2009 bicycle accident that gave rise to his claims under the Federal Tort Claims Act ("FTCA"), 28

15  U.S.C. §§ 2671-80.  Order Re: Mot. to Dismiss, Dkt. 46 ("Order").  However, in response to new

16  evidence proffered by Bhatnagar that he had in fact submitted administrative claims before the

17  deadline, the Court reopened the case.  Dkt. No. 53.  Defendant United States of America (the

18  "Government") now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

19  (6) on the ground that Bhatnagar has still failed to establish he presented a timely claim to the

20  proper federal agency as required under the FTCA.  Dkt. No. 55.  Bhatnagar filed an Opposition

21  (Dkt. No. 58), and the Government filed a Reply (Dkt. No. 59).  The Court finds this matter

22  suitable for disposition without oral argument and VACATES the August 27, 2015 hearing.  *See*

23  Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  Having considered the parties' positions, relevant legal

24  authority, and the record in this case, the Court **DENIES** the Government's Motion for the

25  following reasons.

26                          **BACKGROUND**

27  A.      **Bhatnagar's Accident**

28          On the morning of November 14, 2009, Bhatnagar was riding his bicycle westbound on

United States District Court
Northern District of California

West Pacific Avenue in the Presidio park area in San Francisco.  Second Am. Compl. ("SAC") ¶ 8, Dkt. No. 54.  Bhatnagar had taken that same route on West Pacific Avenue many times before.  *Id.*  Around 11:30 a.m., Bhatnagar approached an area near the Julius Kahn Playground, where he encountered a newly installed speed bump.  *Id.* ¶ 9.  Unlike many other speed bumps in the Presidio, this was a rubberized speed bump attached to the road with bolts, rather than a concrete speed bump built into the road.  *Id.*  Bhatnagar alleges the speed bump was defectively and negligently designed, installed, or maintained in several respects:  (1) the design  was too abrupt for bicyclists riding within the speed limit to safely traverse; (2) the speed bump was defectively and negligently installed because it was bolted into the road in such a way that there was too abrupt a transition between the road and the speed bump to allow a bicyclist to safely traverse the speed bump; and (3) there was inadequate signage surrounding the speed bump to warn bicyclists of its presence or to give them sufficient time to decrease their speed to safely traverse the speed bump. *Id.* ¶ 10.

When Bhatnagar rode over the speed bump, he lost control of his bike, fell, and landed on his face, head, and side, suffering severe injuries.  *Id.* ¶¶ 11-12.  He fractured his cervical and thoracic spine, requiring surgery to fuse four vertebrae, and suffered cuts and bruises to his face and head and had to receive stitches on his face and lip.  *Id.*  As a result of his injuries, Bhatnagar has been declared permanently disabled and has not been able to return to work.  *Id.* ¶ 14.

**B.      Administrative Proceedings**

On December 10, 2010, Bhatnagar retained the Dolan Law Firm to represent him in filing an administrative tort claim against the Government for his injuries.  *Id.* ¶ 16.  On or around July 14, 2011, Bryan D. Lamb, the attorney at the Dolan Law Firm primarily responsible for Bhatnagar's case, executed a Standard Form 95 administrative tort claim on Bhatnagar's behalf. *Id.* ¶ 17.  Bhatnagar alleges the Dolan Law Firm filed the administrative claim with a number of federal agencies over a period of four months.

On July 21, 2011, the Dolan Law Firm submitted Bhatnagar's administrative claim to the Federal Highway Administration ("FHA") by certified mail.  *Id.* ¶ 19 & Ex. A.  Bhatnagar alleges the FHA did not respond to this submission, so on September 20, 2011, the Dolan Law Firm tried

2

again, submitting the claim to the United States Department of Transportation ("DOT") by certified mail. *Id.* ¶¶ 20-21 & Ex. B. Bhatnagar alleges the DOT also did not respond. *Id.* ¶ 22.

Having received no response, the Dolan Law Firm sent four more copies of Bhatnagar's administrative tort claim to the Government in November 2011. On November 2, 2011, the firm sent the claim to the United States Department of the Interior ("DOI") by certified mail. *Id.* ¶ 24 & Ex. C. On November 4, it sent the claim to the San Francisco regional office of the National Park Service ("NPS") by Federal Express, and a Federal Express receipt shows the regional office received the mailing on November 7, 2011. *Id.* ¶ 26 & Ex. D. Also on November 4, the Dolan Law Firm sent the claim to the Washington, D.C. offices of the NPS and DOT by Federal Express. *Id.* ¶ 28. Both agencies received those copies of the claim on or around November 7, 2011. *Id.*

Bhatnagar alleges the San Francisco NPS office did not respond to the claim. *Id.* ¶ 25. In its Motion, the Government admits this copy of Bhatnagar's claim "was not transferred" by the San Francisco Office to any other federal agency. Mot. at 4. As to the claims sent to the Washington, D.C. DOT and NPS offices, both agencies determined the Presidio Trust was the appropriate federal agency to respond to Bhatnagar's claims, and they transferred copies of the claim to the Presidio Trust. SAC ¶¶ 29-31. The Presidio Trust received the claim from the NPS on December 14, 2011, and from the DOT on or around January 11, 2012. *Id.* ¶¶ 30-31. On May 31, 2012, the Dolan Law Firm sent an amended administrative claim to the Presidio Trust that made a correction to the date on which Bhatnagar's accident occurred and provided information about Bhatnagar's physician. *Id.* ¶ 32 & Ex. E.

The Dolan Law Firm stopped representing Bhatnagar in or around July 2012, after which Bhatnagar proceeded with his claim pro se. *Id.* ¶ 33. Bhatnagar was not informed by the Dolan Law Firm of any of its attempts to submit his administrative claim before November 2011. *Id.* ¶ 35. He did not learn of these earlier submissions until he received his file from the Dolan Law Firm on or around July 12, 2012. *Id.* Bhatnagar did not realize the earlier attempts to submit his claim had any legal significance. *Id.*

The Presidio Trust denied Bhatnagar's claim on November 21, 2013. *Id.* ¶ 36 & Ex. F. The denial letter explained Bhatnagar was entitled to resubmit his claim or institute an action in

United States District Court
Northern District of California

3

the United States District Court for the Northern District of California within six months.  *Id.*, Ex. F.

**C.      Procedural Background**

Bhatnagar filed his initial Complaint in this Court on January 22, 2014.  Dkt. No. 1.  On November 21, 2014, Bhatnagar filed his First Amended Complaint ("FAC").  Dkt. No. 20. Although Bhatnagar had been aware of the July and September 2011 claim submissions since July 2012 (SAC ¶ 35), he did not include allegations regarding these earlier submissions in his FAC. Instead, the FAC alleged that "plaintiff filed an administrative complaint with defendants on 11/01/11 within the 2 year statute of limitations."  FAC § 6.

On December 8, 2014, Bhatnagar filed a Motion to Appoint Counsel.  Dkt. No. 24.  The Court subsequently referred this case to the Federal Pro Bono Project of the Volunteer Legal Services Program, and on January 14, 2015, the Court appointed Stephanie Skaff, Anthony Grumbach, and James Reese of Farella Braun + Martel LLP as pro bono counsel for Bhatnagar. Dkt. Nos. 25, 31.

On April 24, 2015, the Government moved to dismiss Bhatnagar's FAC, arguing he failed to present his administrative tort claim to the Presidio Trust within two years of the date of the bicycle accident as required by 28 U.S.C. §§ 2401(b) and 2675(a).  Dkt. No. 38.  On May 19, 2015, the Court granted the Government's Motion, finding Bhatnagar's administrative claim untimely.  In its Order, the Court first determined "the Presidio Trust has exclusive administration jurisdiction over the site of Bhatnagar's accident and responsibility for the roadway and signage at that site," and "is the only appropriate agency for his claim."  Order at 5-8.  Next, as the Presidio Trust did not receive Bhatnagar's claim until after November 14, 2011, the Court determined the claim fell outside the two-year statute of limitations period and was therefore untimely.  *Id.* at 8-11.  Finally, the Court determined equitable tolling of the deadline was inappropriate because Bhatnagar retained counsel almost a year before the two-year deadline to file his claim, yet he waited eleven more months to send the one-page administrative claim a week before the limitations deadline, and to the wrong agency.  *Id.* at 11-12.

On May 29, 2015, Bhatnagar filed a Motion for Leave to Amend Complaint and to Seek

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Reconsideration.  Dkt. No. 48.  Without addressing the merits of Bhatnagar's arguments, the Court

2  made a preliminary finding that he may be able to proceed on his claims, as his proposed Second

3  Amended Complaint contained additional facts and evidence that addressed the deficiencies noted

4  in its May 19 Order, including allegations regarding the July and September 2011 claim

5  submissions.  Dkt. No. 53.  The Court permitted Bhatnagar to file his proposed amended and

6  directed the Government to file a responsive pleading.  *Id.*

7       Bhatnagar filed his SAC on June 2, 2015.  The Government responded with the present

8  Motion, arguing that Bhatnagar's new allegations do not render his administrative claim timely.

9  Mot. at 6.

10                              **LEGAL STANDARD**

11  **A.     Federal Rule of Civil Procedure 12(b)(1)**

12       Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power

13  authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen*

14  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).   Accordingly, "[i]t

15  is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing

16  the contrary rests upon the party asserting jurisdiction."  *Id.*

17       Federal Rule of Civil Procedure ("Rule") 12(b)(1) authorizes a party to move to dismiss a

18  lawsuit for lack of subject matter jurisdiction.  A jurisdictional challenge may be facial or factual.

19  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial,

20  the court determines whether the allegations contained in the complaint are sufficient on their face

21  to invoke federal jurisdiction, accepting all material allegations in the complaint as true and

22  construing them in favor of the party asserting jurisdiction.  *Warth v. Seldin*, 422 U.S. 490, 501

23  (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of the

24  plaintiff's allegations."  *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as

25  to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the

26  complaint without converting a motion to dismiss into one for summary judgment.  *Id.*; *McCarthy*

27  *v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any

28  evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

1   jurisdiction").

2      Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule

3 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction.  *Kokkonen*,

4 511 U.S. at 377; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

5 **B.**      **Federal Rule of Civil Procedure 12(b)(6)**

6      Rule 8(a) requires that a complaint contain a "short and plain statement of the claim

7 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must therefore

8 provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Bell Atl.*

9 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

10      A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough

11 facts to state a claim to relief that is plausible on its face.  *Id.* at 570.  "A claim has facial

12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13 inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

14 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

15 more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550

16 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

17 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

18 relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

19 cause of action will not do.  Factual allegations must be enough to raise a right to relief above the

20 speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

21      In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as

22 true and construe them in the light most favorable to the plaintiff.  *Id.* at 550; *Erickson v. Pardus*,

23 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

24 addition, courts may consider documents attached to the complaint.  *Parks Sch. of Bus., Inc. v.*

25 *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

26      If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

27 request to amend the pleading was made, unless it determines that the pleading could not possibly

28 be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

1   banc) (internal quotations and citations omitted).  However, the Court may deny leave to amend

2   for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the

3   movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

4   to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

5   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v.*

6   *Davis*, 371 U.S. 178, 182 (1962)).

7                                   **DISCUSSION**

8   **A.      Scope of the Government's Motion**

9           As a preliminary matter, the parties dispute whether the Court may consider the

10   Government's Motion under Rule 12(b)(1).  Bhatnagar argues that whether a claimant meets the

11   deadline to file an administrative claim under the FTCA is not a jurisdictional issue, and the

12   statute "'does not define a federal court's jurisdiction over tort claims generally, address its

13   authority to hear untimely suits, or in any way cabin its usual equitable powers.'"  Opp'n at 6

14   (quoting *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015)).  Thus, Bhatnagar argues

15   the Court cannot consider four declarations the Government submitted regarding the record

16   keeping practices of the Presidio Trust (Rosen Decl., Dkt. No. 55-1), the DOT (Lee Decl., Dkt.

17   No. 55-2), the FHA (Holian Decl., Dkt. No. 55-3), and the DOI (Wallace Decl., Dkt. No. 55-4), as

18   the matters in these declarations are not public record, and his SAC does not refer to any of the

19   matters in the declarations.  Opp'n at 5.

20           In response, the Government argues that whether Bhatnagar satisfied the presentment

21   requirement of 28 U.S.C. § 2675(a) is a jurisdictional issue and appropriate for resolution on a

22   Rule 12(b)(1) motion to dismiss.  Reply at 4.

23           The FTCA empowers the federal district courts with the "exclusive jurisdiction of civil

24   actions on claims against the United States, for money damages, . . . for injury or loss of property,

25   or personal injury or death caused by the negligent or wrongful act or omission of any employee

26   of the Government."  28 U.S.C. § 1346(b)(1).  For there to be liability, the employee's act must

27   have taken place "while acting within the scope of his [or her] office or employment, under

28   circumstances where the United States, if a private person, would be liable to the claimant in

United States District Court
Northern District of California

1    accordance with the law of the place where the act or omission occurred." *Id.*

2            The FTCA has both an administrative exhaustion requirement, set forth in 28 U.S.C. §

3    2675(a), and a statute of limitations, set forth in 28 U.S.C. § 2401(b).  These mark both a date

4    before which a claim may not be filed and a date after which any filing is untimely.  Under §

5    2675(a), a civil action cannot be instituted "unless the claimant shall have first presented the claim

6    to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28

7    U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1).  This exhaustion requirement "is tied by explicit

8    statutory language to jurisdiction," and is therefore "'jurisdictional.'"  *Kwai Fun Wong v. Beebe*,

9    732 F.3d 1030, 1047 (9th Cir. 2013), *cert. granted sub nom. United States v. Kwai Fun Wong*, 134

10   S. Ct. 2873 (2014) *and aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S. Ct.

11   1625 (2015) (internal quotation and citation omitted).  When a time bar is jurisdictional, the court

12   must enforce it.  *Wong*, 135 S. Ct. at 1631.

13           Under § 2401(b), a claim will "be forever barred unless it is presented in writing to the

14   appropriate Federal agency within two years after such claim accrues or unless action is begun

15   within six months after the date of mailing . . . of notice of final denial of the claim by the agency

16   to which it was presented."  28 U.S.C. § 2401(b).  Unlike the jurisdictional requirement of

17   § 2675(a), the Supreme Court recently held § 2401(b) is a procedural—not jurisdictional—time

18   bar.  *Wong*, 135 S. Ct. at 1627.  In *Wong*, the Supreme Court held that, in enacting the FTCA,

19   Congress did not establish a clear statement showing that § 2401(b) is jurisdictional.  *Id.* at 1628.

20   The text of this provision provides only a statute of limitations, not a restriction on a court's

21   jurisdiction.  *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 647 (2010)).

22           With this distinction in mind, it would be improper for the Court to consider the

23   Government's declarations on a Rule 12(b)(6) motion in connection with § 2401(b).  However,

24   whether Bhatnagar satisfied the presentment requirement of § 2675(a) is a jurisdictional issue and

25   appropriate for resolution on a Rule 12(b)(1) motion to dismiss.  *See, e.g.*, *Jimenez v. United*

26   *States Postal Serv.*, 2013 WL 5529722, at *3 (N.D. Cal. Oct. 7, 2013) ("The FTCA's exhaustion

27   requirement—both the presentment and final denial elements—goes to the subject matter

28   jurisdiction of this Court.'" (citing *Yacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1   ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be

2   interpreted strictly.")); *Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir. 1992) ("Presenting

3   an FTCA claim to the appropriate governmental agency and having it denied is a jurisdictional

4   prerequisite to filing a claim in the district court.")).  Thus, in resolving a factual dispute as to the

5   existence of jurisdiction under § 2675(a), the Court may review the Government's extrinsic

6   evidence.  *Safe Air for Everyone*, 373 F.3d at 1039; *McCarthy*, 850 F.2d at 560 (holding that a

7   court "may review any evidence, such as affidavits and testimony, to resolve factual disputes

8   concerning the existence of jurisdiction").

9   **B.      Administrative Exhaustion**

10          The Government argues Bhatnagar's new allegations do not render his administrative

11  claim timely.  Mot. at 6.  Of the six submissions Bhatnagar alleges the Dolan Law Firm made, the

12  Government claims it never received three, received one but did not transfer it, and received and

13  transferred two.  *Id.* at 3-4.  First, the Government asserts it has no record of receiving the claim

14  Bhatnagar submitted to the FHA by certified mail on July 21, 2011 (*id.* at 3; Holian Decl. ¶¶ 7-

15  12); the claim submitted to the DOT by certified mail on September 20, 2011 (Mot. at 3; Lee Decl.

16  ¶¶ 5-10); or the claim submitted to the DOI by certified mail on November 2, 2011 (Mot. at 3;

17  Wallace Decl. ¶¶ 6-10).  As to the November 4, 2011 claim submitted to the San Francisco NPS

18  office by Federal Express, the Government admits the San Francisco office did not forward any

19  such claim to another agency.  Mot. at 4.  As to the remaining two claims submitted to the NPS

20  and the DOT in Washington, D.C., the Government admits receiving both claims on November 7,

21  2011 and transferring them, but the Presidio Trust did not receive them until after the statutory

22  deadline.  *Id.*

23          Although Bhatnagar alleges the July and September 2011 claims were submitted via

24  certified mail, the Government notes he does not plead or offer any direct evidence of receipt by

25  FHA or DOT.  *Id.* at 6.  Without direct evidence of receipt by the agencies, the Government argues

26  Bhatnagar cannot satisfy his burden to show he presented his claim to the appropriate agency

27  pursuant to the FTCA, nor can these unfiled submissions support "constructive filing" to satisfy

28  the two-year limitations period.  *Id.*  As to the November 2011 claim submissions, the

1    Government argues they were mailed to the wrong agencies at the "eleventh hour," and therefore

2    cannot provide a basis for jurisdiction.  *Id.*

3         In response, Bhatnagar argues the facts alleged in the SAC show he presented his

4    administrative claim to numerous federal agencies between July and November 2011, and these

5    efforts show diligence and support a finding that he constructively filed his claim on time.  Opp'n

6    at 7.  Even if the Court were to accept the Government's version of the facts as correct, Bhatnagar

7    argues the Court should still deny the Government's Motion because, by its own admission, it

8    failed to respond to his claim presented to the San Francisco NPS office on November 7, 2011.  *Id.*

9         "[U]nder certain limited circumstances, a claim filed with the wrong agency may

10   nevertheless be considered constructively filed with the appropriate agency."  *Ortiz v. United*

11   *States*, 2007 WL 404899, at *10 (E.D. Cal. Feb. 2, 2007).  Although the Ninth Circuit has not

12   addressed the issue, as another judge in this District has recognized, "other circuits have found that

13   a timely, but incorrectly, filed claim does constitute proper presentment where the federal agency

14   failed to comply with 28 C.F.R. [§] 14.2(b)(1)."  *Richman v. United States*, 2008 WL 3264137, at

15   *2 (N.D. Cal. Aug. 7, 2008).  In *Bukala v. United States*, 854 F.2d 201 (7th Cir. 1988), the

16   plaintiff incorrectly filed her tort claim with the Equal Employment Opportunity Commission

17   ("EEOC") when it should have been filed with the VA.  *Id.* at 202.  The EEOC did not transfer the

18   claim to the VA or return the claim back to the plaintiff, and the limitations period expired by the

19   time the plaintiff realized that the VA had never received her claim.  *Id.*  After the suit was filed at

20   the district court, the VA moved to dismiss on the ground that the plaintiff had failed to present

21   her claim to the VA within the two-year limitations period.  *Id.*  The district court granted the

22   motion, but the Seventh Circuit reversed, finding that "when a federal agency fails to comply with

23   the transfer regulation that a timely but misdelivered claim may nevertheless be deemed timely

24   presented to the proper agency."  *Id.* at 204.

25        The Eighth Circuit reached a similar conclusion in *Greene v. United States*, 872 F.2d 236

26   (8th Cir. 1989).  There, the plaintiff fell down stairs in a building owned and operated by the

27   United States.  *Id.* at 236.  Before the limitations period on her claim had expired, the plaintiff

28   presented her claim to the General Services Administration ("GSA"), which acknowledged her

United States District Court
Northern District of California

10

claim and subsequently denied it.  *Id.*  The plaintiff then filed suit and the government moved to dismiss on the ground that the plaintiff had presented her claim to the wrong agency.  *Id.*  In response to the motion, the plaintiff maintained her claim had been constructively filed because the Government failed to comply with the requirements of 28 C.F.R. § 14.2(b)(1).  *Id.* at 236-37.  The Eighth Circuit held: "When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency.  Because Greene's claim was timely filed, albeit with the wrong agency, and because GSA failed to transfer or return the claim, her claim satisfies the FTCA administrative claim procedure."  *Id.* at 237.

In its previous Order, the Court found *Bukala* and *Greene* were unlike Bhatnagar's case, because the evidence showed the NPS forwarded Bhatnagar's claim to the Presidio Trust.  Order at 10.  The Court also recognized that submissions at the "last minute or the eleventh hour" to the wrong federal agency are not eligible for constructive filing, and Bhatnagar's claim, filed one week before the deadline, was therefore filed outside of the time for which constructive notice is typically available.  *Id.*  However, given Bhatnagar's new allegations, the Court reconsiders its constructive filing ruling.

"[I]n a dutiful and timely fashion[,]" agencies are to either transfer the claim to the appropriate agency if the agency can be identified from the claim or return the claim to the claimant if transfer is not feasible.  *See* 28 C.F.R. § 14.2(b)(1); *Hart v. Dep't of Labor ex rel. United States*, 116 F.3d 1338, 1340-41 (10th Cir. 1997); *Bukala*, 854 F.2d at 204.  "Where one agency of government attempts in a dutiful and timely fashion to transfer a misdelivered claim to the appropriate federal agency and despite due diligence the claim arrives at the proper agency after the two year limitations period has run, the claim will be time-barred."  *Bukala*, 854 F.2d at 204; *Oquendo-Ayala v. United States*, 30 F. Supp. 2d 193, 195-96 (D.P.R. 1998); *Hart*, 116 F.3d at 1340.  In contrast, when an "inappropriate agency" fails in its duty to promptly comply with § 14.2(b)(1), and, as a result, a timely filed, but misdirected claim does not reach the proper agency within the limitations period, the claim may be considered timely filed.  *Hart*, 116 F.3d at 1341; *Greene*, 872 F.2d at 237; *Bukala*, 854 F.2d at 204.  However, claimants who wait to the last

minute or the eleventh hour and file with the wrong agency cannot take advantage of constructive

filing.  *See Hart*, 116 F.3d at 1341; *Bukala*, 854 F.2d at 204 n.4; *Cronauer v. United States*, 394 F.

Supp. 2d 93, 100 (D.D.C. 2005); *Oquendo-Ayala*, 30 F. Supp. 2d at 195-96; *Johnson v. United*

*States*, 906 F. Supp. 1100, 1108 (S.D. W.Va. 1995); *Lotrionte v. United States*, 560 F. Supp. 41,

43 (S.D.N.Y. 1983).

There is no bright line rule for what constitutes "the last minute" or "the eleventh hour."

Courts have held that claims filed with an inappropriate agency approximately eight months

(*Bukala v. United States*, 727 F. Supp. 382, 384-85 (N.D. Ill. 1989)); nine weeks (*Greene*, 872

F.2d at 236-37); seven weeks (*Blair v. United States*, 1990 WL 113900, at *1, 6 (D. Kan. July 23,

1990)); and thirty-three days (*Ortiz*, 2007 WL 404899, at *17) prior to the expiration of the

limitations period were constructively filed, and therefore timely.  In contrast, courts have held

that claims filed with an inappropriate agency on the final day (*Cronauer*, 394 F. Supp. 2d at 100-

01); one day (*Johnson*, 906 F. Supp. at 1100); three days (*Lotrionte*, 560 F. Supp. at 42-43); eight

days (*Oquendo-Ayala*, 30 F. Supp. 2d at 195-96); fifteen days (*Martinez v. Minnis*, 257 Fed.

App'x 261, 264 (11th Cir. 2007) (unpublished)); and eighteen days (*Massengale v. United States*,

2006 WL 3220333, at *1-2 (D.D.C. Nov. 6, 2006)) prior to the expiration of the limitations period

were filed at the "last minute" or "eleventh hour" and were therefore time barred.

As explained in its previous Order, the Court finds Bhatnagar's November 2011 claims

ineligible for constructive notice because they were filed at the eleventh hour.  Order at 11.

Bhatnagar argues constructive notice applies to the San Francisco NPS claim because the agency

failed to comply with 28 C.F.R § 14.2(b)(1) by either transferring or returning the claim.  Opp'n at

15.  In support of his argument, Bhatnagar cites *Fraley v. United States*, 2009 WL 2579199 (W.D.

Pa. Aug. 20, 2009).  In that case, the court found a claim submitted to the wrong agency five days

before the filing deadline constituted constructive filing.  *Id.* at *16.  However, *Fraley* is

distinguishable because it involved circumstances where the plaintiff was both "both misled and

improperly served by government actors."  *Id.*  In *Fraley*, the plaintiff had been injured by

members of the Pennsylvania Army National Guard ("National Guard").  *Id.* at *1.  Five months

after the incident, the plaintiff sent a letter to the correct federal agency, the National Guard,

United States District Court
Northern District of California

1    providing notice of his intent to sue, but failing to state a sum certain for his claim, thus failing to

2    satisfy the presentment and notice requirements of § 2675(a).  *Id.* at *11.  Pursuant to applicable

3    regulations, the National Guard should have advised the plaintiff of the jurisdictional defects in the

4    claim, but it failed to "follow[] its own regulations."  *Id.* at *11-12.  Further, the National Guard

5    actually "fail[ed] to recognize itself as the proper entity for handling the FTCA claim."  *Id.* at *9

6    n.8.  Instead, "the claim was apparently forwarded to some entity within the Commonwealth of

7    Pennsylvania," which denied the claim based on the Doctrine of Sovereign Immunity.  *Id.* at *2,

8    12.  Nineteen months later, the plaintiff filed an administrative tort claim with the Federal

9    Emergency Management Agency ("FEMA")—an inappropriate agency—which did not transfer

10   the claim to the National Guard.  *Id.* at *16.  Instead, FEMA sent a "final denial," stating the claim

11   was filed with the wrong agency and the FTCA was inapplicable because no government

12   employees were involved.  *Id.* at *2.

13              While the *Fraley* court concluded on these facts it could reject the case law regarding

14   eleventh-hour filings, no similar circumstances exist here.  Unlike the National Guard, the San

15   Francisco NPS did not mislead Bhatnagar regarding whether it was the appropriate agency to

16   consider his claim or whether any government employees were involved.  Further, although the

17   *Fraley* court found the "timing of the [plaintiff's] various filings" was "excusable," *id.* at *16, it

18   did so because the plaintiff's "dead-end experience" with the appropriate agency—the National

19   Guard—excused the failure of his counsel to "locat[e] the proper avenue for filing an

20   administrative claim."  *Id.* at *13, 16.  As the *Fraley* court concluded, "much of that problem is

21   properly attributed to the failings of the Pennsylvania Army National Guard to properly know or

22   follow its own administrative procedures."  *Id.* at *16.  There are no similar facts here as

23   Bhatnagar did not file a claim with the appropriate agency prior to the filing deadline.  Thus, even

24   though the Government admits the San Francisco NPS office did not forward its copy of the claim,

25   Bhatnagar cannot take advantage of constructive filing because he waited until the eleventh hour

26   and filed with the wrong agency.  *See Hart*, 116 F.3d at 1341; *Bukala*, 854 F.2d at 204 n.4;

27   *Cronauer*, 394 F. Supp. 2d at 100; *Oquendo-Ayala*, 30 F. Supp. 2d at 195-96; *Johnson*, 906 F.

28   Supp. at 1108; *Lotriente*, 560 F. Supp. at 43.

1    Accordingly, the issue is whether Bhatnagar's allegations regarding the July and

2    September claim submissions satisfy the presentment requirement of § 2675(a) or provide a basis

3    for constructive filing.  Bhatnagar has alleged facts and submitted evidence showing he mailed his

4    administrative claim in July and September 2011, well before the statutory deadline.  SAC ¶¶ 19-

5    22 & Exs. A & B.  However, the Government has submitted evidence that the FHA and DOT have

6    no record of these submissions.  Lee Decl. ¶ 12; Holian Decl. ¶ 14.

7    In order to present a claim, the appropriate agency must actually receive it: a claim is

8    "deemed to have been presented when a Federal agency receives from a claimant . . . an executed

9    Standard Form 95 or other written notification of an incident."  28 C.F.R. § 14.2(a); *see also*

10   *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981); *Jimenez*, 2013 WL 5529722, at *3

11   ("The presentment requirement of 28 U.S.C. § 2675(a) is satisfied when a federal agency 'receives

12   an executed Standard Form 95 or other written notification of an incident accompanied by a claim

13   for money damages in a sum certain.'" (citation omitted)).  Plaintiff bears the burden to establish

14   jurisdiction pursuant to § 2675(a).  *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir.

15   2006); *Wages v. United States*, 2015 WL 3809414, at *2 (N.D. Cal. June 18, 2015) ("[Plaintiff]

16   bears the burden of proof to establish that her claim was presented to the appropriate federal

17   agency by the two-year deadline." (citing *Bailey*, 642 F.2d 344 (9th Cir. 1981)).

18   In *Vacek*, the Ninth Circuit, analyzing the presentment requirement, held that the mailbox

19   rule does not apply to FTCA claims.  447 F.3d at 1251.  The Ninth Circuit also noted that

20   "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to

21   [FTCA] claims, regardless of whether it might apply to other federal common law claims."  *Id.*

22   Further, the court rejected the appellant's claim that there was presumption of receipt by the

23   Government, noting that "[a]ssuming, without deciding, that such a presumption may arise under

24   federal law, it was amply rebutted by the affidavits presented to the district court by the

25   government."  *Id.* (citing *Bailey*, 642 F.2d at 347).  Thus, in the absence of direct evidence of

26   receipt, Bhatnagar's allegation that the submissions were mailed does not satisfy the presentment

27   requirement of § 2675(a).  *See Estes v. United States*, 302 Fed. App'x 563, 565 (9th Cir. 2008)

28   (evidence claim was mailed is insufficient to establish agency received claim as required by 28

United States District Court
Northern District of California

14

U.S.C. § 2675(a)); *Vacek*, 447 F.3d at 1251-53 (holding that presumption of receipt on the basis of mailing along may be rebutted); *Bailey*, 642 F.2d at 346-47 (refusing to "rewrite the Act and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented'").  Further, while Bhatnagar alleges both claims were sent by certified mail, he does not provide a signed return receipt for either letter.  *See* SAC, Exs. A & B.  Thus, Bhatnagar's evidence of mailing is "insufficient to establish that the claim had been received where the agency asserted that it had no record of the claim." *Estes*, 302 Fed. App'x at 565 (citing *Bailey*, 642 F.2d at 346-47).  As the Ninth Circuit explained in *Estes*:

> Neither the attorney's declaration in *Vacek* nor the attorney's declaration and proof of service form here provides any direct evidence that the claim was received by the agency, only that it was mailed. Indeed, in Bailey, the government conceded for purposes of the appeal that the claim had been mailed, but this was considered insufficient to establish that the claim had been received where the agency asserted that it had no record of the claim.

302 Fed. App'x at 565 (citing *Bailey*, 642 F.2d at 346-47).  Even if Bhatnagar conclusively established the Dolan Law Firm mailed the claims, he would still fail to carry his burden to show the claims had been received.

For these reasons, the alleged July and September 2011 submissions do not satisfy the requirements of § 2675(a) and do not provide a basis for constructive filing.  Accordingly, as in its previous Order, the Court finds Bhatnagar's claim untimely.

## C.    Equitable Tolling

If constructive filing does not apply to his claim, Bhatnagar argues the Court should equitably toll the deadline because he diligently submitted his claim at least six times.  Opp'n at 16.  In response, the Government argues Bhatnagar has failed to show he pursued his rights diligently because the new claim submissions he identifies in his SAC were addressed to the wrong agencies and he has still "'fail[ed] to provide an explanation as to why his former counsel would be unable to determine where to file.'"  Reply at 10 (quoting Order at 13).  The Government further argues that, if Bhatnagar's counsel actually did mail the July 21 and September 20 submissions via certified mail, he offers no explanation as to why he does not have the return receipts or why the agencies have no record of the claims.  *Id.*  Finally, the Government

United States District Court
Northern District of California

United States District Court
Northern District of California

1    argues Bhatnagar has failed to identify any extraordinary circumstances that would excuse his late

2    filing. *Id.*

3          To invoke the doctrine of equitable tolling, a plaintiff must show that (1) he has been

4    pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way. *Beebe*,

5    732 F.3d at 1052 (quotations and citations omitted). This standard is very high. *See Irwin v.*

6    *Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("a garden variety claim of excusable neglect" is

7    not enough to show equitable tolling); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384-86 (9th

8    Cir. 1996) (affirming rejection of equitable tolling argument where plaintiff did not diligently

9    pursue her claim by filing suit on time); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152

10   (1984) ("Procedural requirements established by Congress for gaining access to the federal courts

11   are not to be disregarded by courts out of a vague sympathy for particular litigants."). "The

12   burden is on the plaintiff to show that equitable tolling is appropriate." *United States v. Marolf*,

13   173 F.3d 1213, 1218 n.3 (9th Cir. 1999) (citation omitted). However, as noted above, the

14   requirements of § 2401(b) are procedural, not jurisdictional. *Wong*, 135 S. Ct. at 1627. Thus, in

15   considering the Government's Rule 12(b)(6) Motion, the Court must accept all of Bhatnagar's

16   allegations as true and construe them in the light most favorable to him. *Twombly*, 550 U.S. at

17   550.

18          Taking his allegations as true, Bhatnagar's efforts to submit his claim at least six times

19   over a four month period establish diligence. As an initial matter, Bhatnagar retained the Dolan

20   Law Firm to represent him in filing an administrative tort claim nearly one year before the

21   statutory filing deadline. SAC ¶ 16. Despite this, the allegations show the Dolan Law Firm

22   waited seven months, until July 21, 2011, before attempting to submit a claim, and it is not clear

23   from Bhatnagar's allegations the firm even submitted that claim. *Id.* ¶ 19 & Ex. A. The same is

24   true for the September 2011 claim. *Id.* ¶¶ 20-21 & Ex. B. Typically, equitable tolling is not

25   appropriate where a party is represented by counsel. *McNeil v. United States*, 508 U.S. 106, 113

26   (1993) ("It is no doubt true that there are cases in which a litigant proceeding without counsel may

27   make a fatal procedural error, but the risk that a lawyer will be unable to understand the

28   exhaustion requirement is virtually nonexistent."). However, based on the record before it, the

United States District Court
Northern District of California

Court is troubled by the performance of the Dolan Law Firm, whose potential lack of diligence could foreclose Bhatnagar from having a federal court adjudicate his claim.

The Dolan Law Firm stopped representing Bhatnagar in or around July 2012, after which Bhatnagar proceeded with his claim pro se.  SAC ¶ 33.  Thus, it does not appear to be Bhatnagar's lack of diligence (nor that of his current counsel, who were not appointed until earlier this year) that is responsible for the delayed filing.  "[T]he purpose of the equitable tolling doctrine 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.'"  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (quoting *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004)).  "Equitable tolling also serves to 'prevent the unjust technical forfeiture of causes of action.'"  *Id.* (quoting *Jones*, 393 F.3d at 928).  "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control."  *Id.* (citing *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)).  Here, because of the Dolan Law Firm's lack of diligence, Bhatnagar's claim was received by the appropriate agency and denied after the statutory deadline.  There is no indication that any mistake by Bhatnagar himself contributed to his predicament.  To the contrary, he diligently pursued his rights by retaining counsel well before the statutory deadline and continuing to pursue his claim after the Dolan Law Firm stopped representing him.  Under these circumstances, the Court finds equitable tolling is justified.

## CONCLUSION

Based on the analysis above, the Court **DENIES** the Government's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: August 12, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

17